UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sabrina Bray, | : | Case No. 4:07CV0016 |
| Petitioner | : | Judge Ann Aldrich |
| v. | : | Magistrate Judge David S. Perelman |
| Pat Andrews, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of her February 4, 2004 conviction pursuant to a jury trial of one count of complicity to commit murder, with a firearm specification, upon which she was sentenced to fifteen years to life imprisonment on the main charge and three years on the specification, to be served consecutively.[1]

Petitioner's convictions arose as a consequence of the shooting death of Ms. Alyson Buckner, after petitioner had vouched for her with a drug dealer when she could not pay for drugs she had purchased.

On February 17, 2004 petitioner appealed her conviction to the Ohio Seventh District Court of Appeals, alleging two assignments of error:

   I.   Appellant was denied due process of rights afforded by the due
        process clause of the Fourteenth Amendment of the United States

---

[1] Although she was originally charged with one count of murder the jury acquitted her of that charge and convicted her on the lesser charge of complicity.

1

>Constitution.
>
>II. Appellant was denied effective assistance of counsel and due process guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution by trial counsel's failure to file a request or motion for a bill of particulars.

On April 24, 2005 the appellate court affirmed the convictions and sentences imposed by the trial court.

On June 9, 2005 petitioner appealed the state appellate court ruling to the Ohio Supreme Court alleging the following sole proposition of law:

>**Proposition of Law No. I:** A defendant is denied the right to effective assistance of counsel when counsel fails to inform the defendant of the possible charges faced and such failure deprives the defendant of the chance to make an informed decision about a plea bargain.

On October 5, 2005 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On January 3, 2007 the petitioner filed the instant petition in which she raises the following sole claim for relief:

>**A. GROUND ONE:** Ms. Bray was denied the effective assistance of counsel when her counsel neglected to inform her that, if she went to trial, she could be convicted of complicity to murder, even if she was found not guilty of committing the murder herself.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

2

The respondent asserts that the petitioner's sole claim for relief is barred from this Court's consideration in light of the fact that it was procedurally defaulted in the state courts.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the

3

claim is nonetheless defaulted.  Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim.  Gray v. Netherland, 518 U.S. 152, 162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982).  For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim.  Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust.  Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).   Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief.  See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978).  However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal.  Gray v. Netherland, supra at 162;  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

Turning to the present case, in the petitioner's direct appeal to the state appellate court she argued that she had been denied the effective assistance of counsel by trial counsel's failure to file a request or motion for a bill of particulars, which in turn would have clued counsel in to the fact the prosecution would be requesting a jury instruction on complicity.  In its opinion affirming the

4

conviction, the court held that in light of the fact that evidence outside the record would be necessary to demonstrate prejudice stemming from counsel's advice during the plea negotiations, the issue would be "more appropriate for post-conviction proceedings." Petitioner did not file any post-conviction petitions.

Instead, after the court affirmed her conviction, petitioner changed her appellate argument on ineffective assistance of counsel away from the failure to request a motion for bill of particulars to focus on counsel's failure to inform her of the possible charges faced, which in turn deprived her of the chance to make an informed decision about a plea bargain. That court denied petitioner leave to appeal and dismissed the appeal.

Then in these proceedings petitioner asserts that her counsel's representation was constitutionally deficient during the plea negotiations when counsel neglected to inform her that, if she went to trial, she could be convicted of complicity to murder, even if she was found not guilty of committing the murder herself.

Petitioner argues that this claim for relief was fairly presented in the state appellate court, relying on the fact that her claim of ineffective assistance of counsel was "ultimately based on trial counsel's failure to inform his client of the potential of being convicted as a complicitor in the murder," so that the legal and factual basis of the claim raised herein was presented on direct appeal.

While at first blush petitioner's argument is persuasive, she makes the following statement in her traverse to this Court which highlights the procedural flaw in state court:

> Notwithstanding the fact that trial counsel *admitted his error in open court on the record* during the sentencing proceedings, the state court of appeals determined that Bray would have to file a state postconviction petition because "the original plea agreement

5

> is outside of the record and because Bray's testimony regarding advice received by counsel at sentencing was not under oath[.]" (Id.).
>
> **Thus, the state court of appeals declined to reach the merits of Bray's ineffective assistance claim because of its mistaken belief that the claim was not cognizable on direct appeal.**

(Italics same as in original, but highlighting added.) It was that failure to reach the merits that caused the appellate court to encourage petitioner to raise her claims in a petition for post-conviction relief, and it was that failure to reach the merits and subsequent failure to file such a post-conviction petition that causes the claim to be procedurally defaulted in these proceedings.[2]

Petitioner having failed to demonstrate cause and prejudice pertaining to the procedural default, this claim is subject to dismissal.

Procedural default aside, this claim would fail on the merits.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2]This Court agrees with the respondent that it would be futile to have petitioner file with the state trial court a delayed petition for post-conviction relief, as she would be unable to meet the threshold requirement for filing her petition after so much time has expired. Ohio Revised Code §2953.23(A).

6

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]."  A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply."  120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

As the foregoing authorities demonstrate, the AEDPA presupposes the existence of a "claim that was adjudicated on the merits in State court proceedings" in order to analyze whether

7

relief in habeas corpus is warranted. There being no such adjudication of the claim raised by the petitioner in these proceedings, this claim for relief must fail.

As a consequence of the foregoing, it is recommended that the petition be dismissed without further proceedings.


							s/DAVID S. PERELMAN
							United States Magistrate Judge


DATE:   November 15, 2007



**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).